IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MARCO BURTON,

    Petitioner,

v.                                                    Civil Action No. **3:14CV289**

**ERIC WILSON,**

    Respondent.

### REPORT AND RECOMMENDATION

Marco Burton, a federal inmate proceeding *pro se*, submitted this Petition for a Writ of Habeas Corpus (hereinafter, "§ 2241 Petition," ECF No. 4, at 1).[1] Burton asserts that he was improperly sentenced under the Armed Career Criminal Act ("ACCA") and asks to be resentenced. This matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). The Government has moved to dismiss on the ground that the Court lacks jurisdiction to award Burton relief under 28 U.S.C. § 2241. For the reasons set forth below, it is RECOMMENDED that the Court grant the Motion to Dismiss (ECF No. 7).

**A.    Procedural History**

On February 29, 2000, in the United States District Court for the Eastern District of Pennsylvania ("Sentencing Court"), Burton pled guilty to "possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count One); possession with intent to deliver cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a

---

[1] Burton filed his request for habeas relief on the forms for seeking relief under 28 U.S.C. § 2254 for individuals detained pursuant to a state judgment. On January 5, 2015, Burton filed a Supplemental Motion wherein he acknowledges that he seeks relief under 28 U.S.C. § 2241. (ECF No. 5.)

firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Three); and two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts Four and Five)." *United States v. Burton*, Nos. CRIM.A 99-109-01, Civ.A. 03-6272, 2004 WL 1813105, at *1 (E.D. Pa. July 21, 2004). "Prior to the guilty plea, the government filed both an Information pursuant to 21 U.S.C. § 851 alleging three prior drug convictions and a Notice of Defendant's Prior Convictions for Enhanced Sentencing Pursuant to 18 U.S.C. § 924(e), Armed Career Criminal Act ('ACCA')." *Id.* "Under the ACCA, petitioner was subject to a 15 year mandatory minimum sentence and a statutory maximum sentence of life imprisonment." *Id.* (citation omitted).

> At sentencing . . .
>
> the Court determined that defendant was an armed career criminal under § 4B1.4, the applicable guideline provision for calculating the base offense level of a defendant under the ACCA. Calculated under that provision, defendant had a total offense level of 35, in Criminal History Category IV for Counts One, Two, Four and Five because, as explained below, Counts One and Two were grouped with Counts Four and Five. That offense level and criminal history category called for a Guideline Imprisonment Range of 292 to 365 months on those counts. Pursuant to § 924(e), the ACCA, there was a 15-year mandatory minimum sentence on Counts Four and Five. The conviction on Count Three—possession of a firearm in furtherance of a drug trafficking crime—required a 5-year consecutive sentence.
>
> At sentencing, the Court granted defendant's Motion for Downward Departure under § 4A1.3 of the Guidelines on the ground that defendant's Criminal History Category significantly over-represented the seriousness of his criminal history and the likelihood that he would commit further crimes and reduced defendant's offense level to 28 and his criminal history category to III on Counts One, Two, Four and Five. This produced a guideline sentencing range of 97–121 months on Counts One, Two, Four and Five. However, under § 5G1.1(B), where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence becomes the guideline sentence. Trans. of Sentencing 28:14–18 (September 19, 2000). Thus, as a result of the statutory mandatory minimum sentence of 15 years on Counts Four and Five, the grouping of those Counts with Counts One and Two required imposition of concurrent sentences of 180 months

2

>imprisonment on Counts One, Two, Four and Five. In addition, as required by statute, the Court imposed a 5-year consecutive sentence on Court Three

*Id.* at *1–2 (internal footnote omitted) (punctuation corrected). On July 21, 2004, the Sentencing Court denied a 28 U.S.C. § 2255 Motion filed by Burton. *Id.* at *11.

**B.     Summary of Burton's Claim**

In his § 2241 Petition, Burton provides little to no explanation of his claim. Burton simply states: "a federal district court can not utilize a Pennsylvania offense with petitioner was convicted for . . . 924(e) purpose . . . U.S. Descamps, Moncrieffe, and Donawa." (§ 2241 Pet. 6 (capitalization corrected).)

However, in his initial submission, Burton provided a clearer statement of his claim. Burton stated that he "is not contesting his guilt of the underlying crime[s]. Petitioner's actual innocence is based on the sentencing context and focuses solely on the elements that renders [sic] him eligible for the ACCA enhancement." (ECF No. 1, at 4.) Specifically, Burton contends that his prior Pennsylvania convictions were improperly used to classify him as an armed career criminal for sentencing purposes. (*Id.* at 3-4.) In support of his contention, Burton states, in a somewhat garbled fashion:

>In *United States v. Descamps*, 133 S. Ct. 2286 (2013),[2] the Supreme Court tells us loud and clear that a court may only turn to the modified categorical approach if the states must prove every element of federal offense in order to obtain a conviction. *See Donawa v. United States Attorney General*, 735 F.3d 1275 (CA11 2013) citing *Descamps*, [in which] the court said that the lack of requiring mens rea creates a predicament, because "with no such burden on the government, we cannot say that the statute creates separate crimes defined by

---

[2] In *Descamps*, the Supreme Court of the United States held that that a sentencing court may not look beyond the text of an indivisible statute, which is a statute that does not set out one or more elements of the offense in the alternative, and review certain documents when determining if a defendant is an Armed Career Criminal. 133 S. Ct. at 2281-82.

3

>  distinct elements so as to permit application of the modified catergorical approach." *See also Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013)[,[3] in which] the Supreme Court stated that "a state offense is an aggravated felony . . . only if it necessarily involves facts equating to the generic federal offense."

*Id.* (capitalization, spelling, and punctuation corrected.) It is unnecessary to fully untangle Burton's argument because, as explained below, it is plain under the precedent in the United States Court of Appeals for the Fourth Circuit that Burton may not utilize 28 U.S.C. § 2241 to challenge his sentence.

## C. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack'" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4]

---

[3] In *Moncrieffe*, the Supreme Court examined whether a noncitizen's prior Georgia state conviction for possession of 1.3 grams of marijuana with the intent to distribute constituted an aggravated felony under the Immigration and Nationality Act ("INA"). 133 S. Ct. at 1683. The Supreme Court explained that the INA classifies "illicit drug trafficking offenses" as "aggravated felonies" and examined "whether this category include[d] a state criminal statute that extends to the social sharing of a small amount of marijuana." *Id.* at 1682. In holding that "it [did] not," *id.*, the Supreme Court explained: "If a noncitizen's conviction for a marijuana distribution offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, the conviction is not for an aggravated felony under the INA." *Id.* at 1693–94.

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

4

"For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).[5]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

---

[5] Burton cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).

### D. Analysis of Burton's 28 U.S.C. § 2241 Petition

Burton fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Burton fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Burton stands convicted, possession with intent to distribute cocaine, possession with intent distribute cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon, is still criminal. "*Jones* simply does not apply here, as [Burton] is not innocent of anything." *United States v. Surratt*, 797 F.3d 240, 248 (4th Cir. 2015).

"Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333-34). Indeed, the Fourth Circuit has specifically rejected the notion that the savings clause allows inmates to challenge whether predicate felonies were properly utilized in imposing a statutory sentencing enhancements. *See Surratt*, 797 F.3d at 247-50. The Fourth Circuit reiterated that "*Jones* opened a *narrow* gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief *only* where the acts for which the defendant was convicted are not a crime." *Id.* at 247 (emphasis added). The savings clause applies when an individual is confined for acts "'deemed not to be criminal,' not conduct that remains criminal but subject to a lesser penalty." *Id.* at 249 (quoting *Jones*, 226 F.3d at 334); *see Farrow v. Revell*, 541 F. App'x 327, 328-29 (4th Cir. 2013) (refusing to allow an inmate to utilize the savings clause to challenge his designation as an armed career criminal).

6

Burton also suggests that the Supreme Court's decision in *Persaud v. United States*, 134 S. Ct. 1023 (2014) entitles him to use § 2241 to challenge his sentence. He is wrong.

When the *Persaud* case reached the Supreme Court, the Solicitor General conceded that under some circumstances a petitioner may challenge his sentence under § 2241 even if he does not claim to be innocent of his underlying offense. *See* Brief for the United States, *Persaud v. United States*, 134 S. Ct. 1023 (2014) (No. 13–6435), 2013 WL 7088877, at *19. The Solicitor General argued that:

> The lower courts ... erred in concluding that the savings clause does not permit petitioner to seek relief under Section 2241 purely because he challenges his sentence rather than his conviction. Sentences that exceed the statutory maximum, or that impose a statutory mandatory minimum based on a legal error, are cognizable under the savings clause.

*Id.* At the request of the parties in *Persaud*, the Supreme Court granted certiorari, vacated the lower court's judgment, and remanded the case to the Fourth Circuit "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on December 20, 2013." *Persaud*, 134 S. Ct. at 1023.

Contrary to Burton's suggestion, the foregoing case provides no basis for relief. The type of order entered in *Persaud* is known as a grant, vacate, and remand ("GVR") order. *See In re Whirlpool Corp. Front–Loading Washer Products Liability Litigation*, 722 F.3d 838, 845 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1277 (2014). A GVR order "does not constitute a final determination on the merits; it does not even carry precedential weight." *Gonzalez v. Justices of Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005) (citations omitted); *see United States v. Simmons*, 635 F.3d 140, 144 (4th Cir. 2011) (observing that a GVR order makes "no determination on the merits"), *rev'd on other grounds en banc*, 649 F.3d 237 (4th Cir. 2011).

7

Moreover, as noted above, subsequent to the decision in *Persaud* and over the protests of the United States, the Fourth Circuit rejected the notion that an inmate could utilize § 2241 to challenge his sentence. *See Surratt*, 797 F.3d at 247-51.[6] For these reasons, the Court concludes that it lacks jurisdiction to review Burton's § 2241 Petition, and it is RECOMMENDED that the Government's Motion to Dismiss (ECF No. 7) be GRANTED.

Burton is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is directed to send a copy of this Report and Recommendation to Burton and counsel for the Government.

It is so ORDERED.

/s/ [signature]
Roderick C. Young
United States Magistrate Judge

Date: November 5, 2015
Richmond, Virginia

---

[6] In *Johnson v. United States*, 135 S. Ct. 2551 (2015), a case on direct appeal, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. The decision in *Johnson* does not alter the conclusion that Burton cannot utilize § 2241 to challenge his sentence. *Swanson-El v. Zych*, No. 7:15CV00398, 2015 WL 5307999, at *1 (W.D. Va. Sept. 10, 2015); *James v. Zych*, No. 7:15CV00415, 2015 WL 5308129, at *1 (W.D. Va. Sept. 10, 2015).